**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**TAMMIE KASHIF**                                                             **PLAINTIFF**

**v.**                                   **CIVIL ACTION NO.: 3:23-CV-00195-MPM-RP**

**WALMART STORES, INC and
WALMART STORES EAST, LP**                                 **DEFENDANTS**

**<u>ORDER</u>**

On April 23, 2024, defendants Walmart Stores, Inc. and Walmart Stores East, LP (collectively "Walmart") filed a motion for summary judgment in the above-entitled premises liability action. In support of that motion, defendants set forth arguments, in a persuasive fifteen-page brief, as to why no genuine issues of material fact exist regarding plaintiff's claims of negligence. For example, defendants write in their brief that:

> In the subject case, Plaintiff's Complaint alleges that cases of water fell towards the Plaintiff as she attempted to retrieve a case of water on the top shelf for a customer. Compl. ¶¶ 8-9, ECF No. 2. Plaintiff has not produced any evidence that the cases of water were improperly stacked. Additionally, Plaintiff has admitted that she did not seek assistance from a Walmart employee prior to attempting to retrieve this case of water from the top shelf. Pl.'s Dep. Ex. A 152:16-18; 155:4-8. Plaintiff testified that she attempted to move this case of water to the edge of the shelf and was reaching up with her hands thinking that the case of water would fall into her hands. *Id.* The case of water fell off the shelf when she pulled it to the edge of the shelf. Pl.'s Dep. Ex. A 149: 10-11; 149: 18-23; 150: 20-25; 152: 14-15; 152: 16-18; 155: 4-8; 152; 3-13; 155: 4-8; 155: 11-13.
> Christopher Campbell was on duty as the assistant manager at the Walmart store in New Albany, Mississippi, on June 17, 2022. Ex. C. Ms. Kashif informed him that she was trying to retrieve a case of water for another customer off the Top Stock shelf when a case fell and hit her. Id. He can be seen on the surveillance video at the 5:27:33 to 5:27:56 mark meeting with the Plaintiff, obtaining information and taking photographs of the shelves where the incident is alleged to have occurred. Id. and Ex. D. A true and

1

> correct copy of the photographs obtained by Mr. Campbell on June 17, 2022, is attached to his Declaration. Additionally, Mr. Campbell personally observed that the cases of water were stacked properly, and they were stable. There were other cases of water available on the lower shelf for purchase. The items on the top shelf are Top Stock and customers should not retrieve items from the Top Stock shelf. Id. The shelves have clearly visible signs that notify customers to ask for assistance with items on the top shelf. Plaintiff did not tell Mr. Campbell that she sought any assistance from Walmart associates or that Walmart associates refused to offer such assistance. Id. Walmart associates are trained to assist in retrieving items off the top stock shelf for customers and routinely do so. Plaintiff claims in her deposition that she uses a stick to move the cases of water from the back of the shelf. Ex. A: 149: 18-23. As set forth in Mr. Campbell's Declaration, this stick is a Top Stock stick used by Walmart associates to retrieve merchandise off the top stock shelves for customers and is not meant to be used by customers.

[Brief at 8-9].

This court notes that defendants supplemented their summary judgment briefing with both photographic and video evidence in support of their contention that they face no potential liability in this case. [See, e.g. exhibits B and D]. In the court's view, the arguments and proof presented by defendants are compelling, and they clearly placed the burden on plaintiff to offer some substantive response of her own. However, plaintiff has offered no response to defendants' motion, nor has she sought additional time to do so. This court must therefore regard defendants' arguments as being both meritorious and essentially conceded by plaintiff, and their motion for summary judgment will therefore be granted, for essentially the reasons stated in their briefing.

It is therefore ordered that defendants' motion for summary judgment is granted.

A separate judgment will be entered this date, pursuant to Fed. R. Civ. P. 58.

So ordered, this the 12th day of June, 2024

/s/ Michael P. Mills
U.S. DISTRICT COURT